# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

May 8, 2017

**VIA ECF**
Honorable Paul A. Crotty
United States District Judge
District Court of the Sothern
District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: Kompan, Inc. v. Hanover Specialties, Inc.
> Case No.: 17-cv-02331 (PAC)

Dear Judge Crotty:

We represent Defendant in the above referenced matter. In accordance with Rule #3(A) of the Court's Individual Practices, we write to respectfully request that the Court schedule a premotion conference to discuss Defendant's anticipated motion to change venue to the District Court of the Eastern District of New York, Central Islip Courthouse.

### 1. Relevant Factual Background of The Proposed Motion.

On April 4, 2017, Plaintiff filed this case against Defendant Hanover Specialties Inc. asserting that the Defendant failed to meet its contractual obligations regarding poured-in-place surfacing it installed at various locations for the Plaintiff. Plaintiff further alleges that it has suffered damage to its reputation as a result, in addition to the monetary damages it suffered for surfacing that it has either replaced or intends to replace. Defendant filed an answer with various counterclaims and affirmative defenses. Plaintiff in its complaint has listed 17 locations where the Defendant installed poured-in-place surfacing that it alleges is defective (listed on the complaint on page 3, paragraph 10, A through Q). Of the 17 locations, one is in this District and one is in the Eastern District. The remaining sites are all outside the State of New York: 12 in Connecticut, one in Montana, one in Florida and one in Massachusetts.

Plaintiff is a Delaware corporation with its principal place of business in Pflugerville, Texas. Defendant is a New York corporation with it principal place of business in Bohemia, NY in Suffolk County on Long Island. The Eastern District of New York's Central Islip courthouse is within 10 minutes' travel time from the location of the Defendant's corporate headquarters where records, inventory and personnel essential to this action are located. All

employees involved in these installations that likely will be called as witnesses by Defendant or may be deposed by Plaintiff are located in the Eastern District. An essential expert witness retained by Defendant is located in Commack, NY, which is also in the Eastern District.

### 2. The Court Should Grant Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a).

Defendant respectfully requests that the Court transfers venue to the Eastern District of New York. 28 U.S.C. § 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts apply a two-part test for change of venue. First, the Court must determine whether this action "could have been brought in the proposed transferee district," which requires that personal jurisdiction and venue are proper in the transferee court. Multiwave Sensor Inc. v. Sunsight Instruments, LLC, No. 1:16-CV-1361-GHW, 2017 WL 1498058, at *6 (S.D.N.Y. Apr. 26, 2017) (Woods, J.). Assuming jurisdiction and venue are proper, the Court evaluates the following factors to determine whether to grant a motion to transfer venue:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Id.

The facts of this case support transfer. First, this case could have been brought in the Eastern District. The Eastern District has jurisdiction pursuant to 28 U.S.C. §1332, as the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is headquartered in the Eastern District. Therefore, this action could have been brought in the Eastern District.

Further, the other factors weigh in favor of transfer or are neutral. Notably, convenience of the witnesses and parties heavily support transfer. As this Court has noted, "[c]onvenience of the witnesses, and especially non-party witnesses, is typically the most important factor when considering a motion to transfer." Cain v. Twitter, Inc., No. 17 CIV. 122 (PAC), 2017 WL 1489220, at *5 (S.D.N.Y. Apr. 25, 2017) (Crotty, J.) (quoting Tlapanco v. Elges, 207 F. Supp. 3d 324, 329 (S.D.N.Y. 2016)). Defendant's likely witnesses, including its expert witness, reside in the Eastern District, where its headquarters are located. Defendant itself and its sources of proof are also located in the Eastern District. Conversely, Plaintiff is located in Texas. Since "New York is not Plaintiff's home district, little weight is afforded to its choice to litigate in this District." Pausch Med. GmbH v. Pausch LLC, No. 14-CV-1945 PAC, 2015 WL 783365, at *1 (S.D.N.Y. Feb. 24, 2015) (Crotty, J.). Accordingly, regardless of whether this case is adjudicated in the Southern or Eastern District, Plaintiff's representatives will have to engage in

substantially the same travel for trial.  Id. ("Traveling from Germany to either New York or New Jersey is substantially identical and requires similar logistical planning.") Transferring this case to the EDNY would therefore not inconvenience Plaintiff and would be greatly beneficial to Defendant and its witnesses.

The remaining factors are either neutral or support transfer.  The "locus of operative facts" is largely outside of New York State, with 15 job sites outside of New York.  Only two job sites are in New York State, one in the Southern District and the other in the Eastern District. Neither District, therefore, can be considered the "locus of operative facts." The ability to compel the attendance of unwilling witnesses will likely not be affected no matter whether this case is adjudicated in Southern or Eastern Districts. Most witnesses are either located in the Eastern District or outside of New York State.  Further, both the Eastern and Southern Districts are familiar with the underlying governing law, and there is no significant financial disparity between the parties. Finally, this case has just started, so no party would be prejudiced by transfer and the interests of justice do not dictate in which District this case should be adjudicated.

Accordingly, we respectfully request that the Court schedule a premotion conference to discuss Defendant's anticipated motion to change venue.

Thank you for your attention to the above.

Respectfully Submitted,

----------------/s/------------
Michael Taubenfeld (MT-4640)