# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806            www.pryorcashman.com

**Steven M. Rabinowitz**
Partner

Direct Tel: 212-326-0137
Direct Fax: 212-798-6333
srabinowitz@pryorcashman.com

May 11, 2017

**VIA ECF**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

> Re:   **Kompan, Inc. v. Hanover Specialties, Inc., d/b/a Vitriturf, Inc.**
> Case No. 1:17:-cv-02331 (PAC)
> **Response to Defendant's May 8, 2017 Letter (Dkt. 14)**

Dear Honorable Judge Crotty:

    We write as counsel for plaintiff Kompan, Inc. ("Kompan") in response to the May 8, 2017 letter of defendant Hanover Specialties, Inc. ("Hanover") (Dkt. 14). Hanover's letter requests a pre-motion conference in anticipation of its motion to transfer venue from the Southern District to the Eastern District of New York, specifically to its Central Islip courthouse.

    Kompan opposes a change of venue. Its principal offices are located in Texas, and both jurisdiction and venue would have been proper there. But it chose the Southern District as its forum recognizing that (i) Hanover is based in New York; (ii) the situs of this case is mainly in the New York/Connecticut area; (iii) the Southern District would be the most convenient New York forum for the numerous anticipated non-party witnesses, as they are concentrated in New York and Connecticut; and (iv) the Southern District would be the most convenient travel destination for Kompan's own witnesses, who are based not only in Texas, but in Washington State.

    For Hanover to change venue, it must establish a clear and convincing basis for that change. Here, the basis is clear — it would of course be quite convenient for Hanover to litigate this case in a courthouse that is, as it says, only ten minutes from its doorstep. But however clear that basis is, it is not compelling. Hanover ignores the inconvenience Kompan and a host of non-party witnesses would suffer if the case was moved some 50 miles away from the Southern District of New York. Further, it ignores that but for whatever records Hanover maintains at its offices, none of the other physical or documentary evidence is convenient to the Eastern District, much less the Central Islip courthouse.

# PRYOR CASHMAN LLP

The Hon. Paul A. Crotty
May 11, 2017
Page 2

### 1. Facts Pertinent to the Motion

As Hanover correctly states, Kompan is a Delaware corporation with its principal place of business in Pflugerville, Texas (a small city near Austin). The Kompan officers and employees with knowledge relevant to this case are primarily based in Texas and in Washington State. However, the main situs of this case is in the New York/Connecticut area, principally in Connecticut. Of the 17 locations (comprised of 23 sites) where Kompan alleges Hanover deficiently installed surfacing for children's playgrounds and sports courts, 2 are in New York (one in this District and another in the Eastern District), 12 are in Connecticut, and only 3 are further afield (one each in Massachusetts, Florida, and Montana). Thus, most of the physical evidence and most of the non-party witnesses are located within the New York/Connecticut area.

According to its letter, Hanover has retained an expert who is based in the Eastern District of New York. Kompan's expert is based in the Chicago area.

### 2. The Convenience of the Witnesses and Parties Does Not Support Transfer

Transfer of venue is only appropriate where the defendant makes a "clear and convincing showing" that the transfer would promote the convenience of the parties and witnesses and the interests of justice. JFP Touring, LLC v. Polk Theatre, Inc., No. 07-CV-3341(CM)(RLF), 2007 WL 2040585, at *12 (S.D.N.Y. Jul. 12, 2007), quoting Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995). While the Eastern District of New York, and specifically the Central Islip courthouse, is not technically an improper forum under 28 U.S.C. §1391(b)(2), considerations of justice and convenience dictate maintaining the action in the Southern District.

It may indeed be more convenient for Hanover's employees and its expert witness to travel to the Eastern District's Central Islip courthouse as compared to the Southern District courthouse. But Hanover's convenience alone is insufficient to meet the requirement for transfer of venue under 28 U.S.C. § 1404(a). That statute does not prioritize the convenience of one party over another. Rather, it addresses "the convenience of *parties* and witnesses," and particularly non-party witnesses (emphasis added). See 28 U.S.C. 1404(a); Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005). Moreover, though Hanover suggests otherwise, the convenience of expert witnesses is decidedly not a factor to be considered. Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 367 (S.D.N.Y. 2009) (the convenience of expert witnesses is not relevant to a motion to transfer venue); Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC, No. 99 CIV. 10713 (MBM), 2001 WL 277295, at *2 (S.D.N.Y. Mar. 21, 2001) (same); Glass v. S & M NuTec, LLC, 456 F. Supp. 2d 498, 502 (S.D.N.Y. 2006) (same).

Hanover correctly cites Multiwave Sensor Inc. v. Sunsight Instruments, LLC, No. 1:16-CV-1361-GHW, 2017 WL 1498058, at *6 (S.D.N.Y. Apr. 26, 2017) (Woods, J.) for its recitation of nine factors that may be evaluated when a court evaluates a venue change request. However, "[t]here is no rigid formula for balancing these factors and no single one of them is

# PRYOR CASHMAN LLP

The Hon. Paul A. Crotty
May 11, 2017
Page 3

determinative." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). "Instead, weighing the balance is essentially an equitable task left to the Court's discretion." Id. (citations and quotation marks omitted). Ultimately, a defendant is required make out a strong case for transfer by clear and convincing evidence. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc. 599 F.3d 102, 112 (2d Cir. 2010). Hanover cannot do so here.

Reading Hanover's letter, one would think that the non-party witnesses from the 23 customer sites (at 17 locations) would find it equally convenient to travel to the Central Islip courthouse in the Eastern District as they would to the Southern District's 500 Pearl Street location. But that is not the case. Besides the two New York-based locations where Defendant installed defective poured-in-place surfacing (both of which are closer to the Southern District courthouse than they are to the Central Islip courthouse), there are 12 customer sites located across Bridgeport, Meriden, and Hamden, Connecticut; as well as customer sites in Milford, Massachusetts; Billings, Montana; and Tampa, Florida. Automobile, rail, and plane travel for witnesses from each of these customer sites will be considerably more direct to the Southern District courthouse than it would be to the Eastern District's Central Islip courthouse.

Hanover argues for a change in venue because its own employees and its documents are located in the environs of the Central Islip courthouse. But Kompan's employees and virtually all of the potential non-party witnesses live and work well outside of those environs. Furthermore, significant hard copy documents, photographs, and physical evidence related to this case are located at the numerous out-of-District locations where Hanover performed its defective services. Thus, the location of relevant documents and information, and the relative ease of access to such sources of proof also weighs against transfer from the Southern District.

Judicial economy would be best served if this Court denies defendant Hanover's request to transfer venue. Avoiding transfer would serve the interests of justice and judicial economy by lessening the burden not only on Kompan, but on what is expected to be a long list of non-party witnesses who will be required to travel to New York from out of state. For these reasons, Kompan intends to oppose Defendant's motion to transfer venue.

Respectfully submitted,

Steven M. Rabinowitz, Esq. (SR-5844)

SMR:pc

cc:   Yevgenia S. Kleiner, Esq. (YK-2010) (via email)